# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL HARPER, ) | | |
| Petitioner, ) | | |
| vs. ) | | Case No. 1:14-cv-0947-JMS-DKL |
| ) | | |
| BRIAN SMITH, ) | | |
| ) | | |
| Respondent. ) | | |

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Michael Harper for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. IYC 14-03-0013. Harper's earliest possible release date is September 7, 2014. For the reasons explained in this Entry, Harper's habeas petition must be **denied**.

## I. Overview

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

On March 3, 2014, Lieutenant G. Roach wrote a Report of Conduct that charged Harper with class A offense 102-A, assault on another offender resulting in bodily injury. The conduct report states:

> On 3-2-14 I, Lt G. Roach, was made aware that there was a possible fight in G-unit latrine. I, Lt G Roach, observed on camera at approximately 10:09 pm in the G-Unit latrine a large group of offenders move in to the hallway of the latrine with one white offender getting in to a boxers stance. This white offender then is seen grabbing a black offender around the neck and shoulders and slamming him against the wall and then taking him to the ground. The black offender is then seen holding his left arm while on the ground. The white offender then retreated into the bed area. Ofc J. Jellison who works in South Dorm came to the Shift Office to view the camera and identify the offenders. The white offender is identified as offender Harper, Michael #923073. He was placed in handcuffs and escorted to medical then to the Restricted Housing Unit. The black offender was identified as Pettrie, Harvey #149116 who was taken by State Vehicle to Terre Haute Regional Emergency Room for injuries to his left shoulder.

Photographs of offenders Harper and Pettrie were taken after the incident. Officer Jellison also provided the following written statement:

> At approximately 11:00 PM on Sunday March 2, 2014, I, Officer J. Jellison was called to the Shift Office by Lieutenant G. Roach to identify offenders involved in a fight in the Housing Unit South "G" Unit latrine via security video. After reviewing "G" Units latrine camera on March 2, 2014 from approximately 10:08 PM to 10:10 PM, I did clearly identify Offender Pettrie, Harvey (DOC#149116) and Offender Harper, Michael (DOC#923073) fighting.

On March 3, 2014, Harper was notified of the charge of offense #102-A, committing battery upon another person, and was served with the conduct report and the notice of disciplinary hearing screening report. Harper was notified of his rights and pled not guilty. He requested and was provided a lay advocate. He did not request any witnesses and requested as physical evidence a video review.

The hearing officer conducted a hearing on March 10, 2014. Harper's comment was "I was not involved, I do not re-call this." The hearing officer determined that allowing Harper to view

the video evidence would jeopardize the safety and security of the facility. Instead, the hearing officer viewed the video outside Harper's presence and provided the following written summary:

> On 3/10/14 at approximately 9:00 A.M. I Sergeant C. Feldkamp reviewed video for Case # IYC-14-03-0013. On 3/2/14 at approximately 22:10:03 Hrs I Sgt. C. Feldkamp can clearly observe and identify offender Harper, Michael # 923073 standing in a boxer's stance punching at an unseen offender in the sink area of the HUS G-Unit latrine on camera 13-4. On the same camera 13-4 at 22:10:39 Hrs offender Harper then pulls an offender out from the sink area by the head and torso and pushes the offender into the hallway wall and then wrestles him to the ground. At 22:10:52 a larger offender pulls offender Harper off of this offender who begins to hold his arm and is clearly in pain, rolling on the ground.

The hearing officer found Harper guilty of offense 102-A, relying on the offender's statement, the video, photos, and staff reports. The following sanctions were imposed: 180 days of disciplinary segregation, $500 in restitution for the emergency room run and the other offender's injuries, an earned credit time deprivation of 135 days, and a demotion from credit class 1 to credit class 3. The hearing officer imposed the sanctions because of the seriousness and nature of the offense, the offender's attitude and demeanor during the hearing, the degree to which the violation disrupted and endangered the security of the facility, and the likelihood of the sanction having a corrective effect on the offender's future behavior.

Harper appealed to the Facility Head on March 10, 2014 (Exhibit G). His appeal stated the following:

> My rights to due process were violated as I was not advised of the complete list of rights. 02-04-101, effective date 007/01/2012. I was denied the right to confront and cross-examine the witnesses against me. 02-04-101 page 20 paragraph C, (5). When I asked to invoke that right I was yelled at and told I had no such right. I was not afforded the ability to have a lay advocate properly represent me under 02-04-101. I was not allowed to meet with him at all before the hearing. I was not given my right to 24 hours notice of hearing including time and place of hearing. 02-04-101 page 20 paragraph C, (1). I was not told the time or place the hearing was going to be. All of which being contrary to I.D.O.C. code 02-04-101 effective date 07/01/2012. It has been responsible for prejudice to me and my case and resulted in undue hardship upon my person.

Harper's appeals through the administrative process were denied. He now seeks relief pursuant to 28 U.S.C. § 2254 arguing that his due process rights were denied.

### III. Analysis

Harper asserts the following claims: 1) he was denied access to an Adult Disciplinary Policy ("ADP"); 2) he was not afforded proper lay advocate representation; 3) he was not allowed to confront or cross-examine witnesses; and 4) the video evidence was not properly submitted.

Harper first argues that he was not given access to ADP 02-04-101 until after the hearing. Harper was informed of his rights when he was screened. Due process does not entitle him to obtain a copy of any particular rule or policy. To the extent he is asserting that ADP 02-04-101 was violated, relief for this claim is not available in this action because habeas corpus relief cannot be based upon a violation of state law. *Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("state-law violations provide no basis for federal habeas review."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief).

Harper's second claim is that he was not allowed to meet and confer with his lay advocate before, during, or after the hearing. Harper argues that he was supposed to be able to meet with the lay advocate for an hour before the hearing because he was in segregation. Harper's alleged lack of pre-hearing consultation with his lay advocate did not deny due process. A prisoner does not have a due process right to a lay advocate in a disciplinary proceeding unless he is illiterate or unable to understand complex charges against him. *Wolff,* 418 U.S. at 570. Harper's filings demonstrate that he is far from illiterate and the charge of assault on another offender resulting in bodily injury was certainly not complex.

Harper's third claim is that he was not permitted to cross-examine the officers who identified him on the video. This does not state a due process violation under these circumstances because in disciplinary proceedings, inmates have a limited right to call witnesses, but they have no right to confront or cross-examine adverse witnesses. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). And again, to the extent he was denied the right to cross-examination under state law, such claim fails on federal habeas.

Harper's fourth claim was not raised in his administrative appeals. He did not allege in his appeals that the hearing officer failed to provide a summary of the video evidence. This claim has been procedurally defaulted. *Markham v. Clark,* 978 F.2d 993, 995-96 (7th Cir. 1992).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "In reviewing a decision for 'some evidence,' courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *Id*. (internal quotation omitted).

The conduct report, officer statements, photographs, and video summary relied on by the hearing officer constituted sufficient evidence to find Harper guilty of the charge. The lenient standard of "some" evidence was satisfied in this case.

Harper was given notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for his finding and described the evidence that he considered. As noted above, there was sufficient evidence in the record to support the finding of guilt. There were no violations of Harper's due process rights.

## IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Harper's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: August 22, 2014

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Michael Harper
#923073
Plainfield Correctional Facility
Inmate Mail/Parcels
727 Moon Road
Plainfield, IN 46168

Electronically registered counsel